140 N.J. Super. 529 (1976)
357 A.2d 17
WASHINGTON MOTOR SALES, PLAINTIFF-RESPONDENT,
v.
OLWVIOLE FERREIRA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 17, 1975.
Supplemental memoranda filed March 1 and March 4, 1976.
Decided April 9, 1976.
*531 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Alan S. Ziegler (Newark Legal Services Project), argued the cause for the appellant.
Mr. Peter A. Forgosh argued the cause for the respondent (Messrs. Eichler & Forgosh, attorneys; Mr. Fred Garodnick on the brief).
The opinion of the court was delivered by MILMED, J.A.D.
Plaintiff sought recovery on a claimed deficiency arising following defendant's default on a retail installment contract under which defendant had purchased from plaintiff a used Ford auto. Defendant sought a setoff under the federal Truth in Lending Act.[1] The essential facts are set out in the opinion of the Essex County District Court reported at 131 N.J. Super. 328 (Cty. D. Ct. 1974), and need not be repeated here. Following trial of the issues the trial judge found no merit in any of defendant's claims for a setoff and directed the entry of judgment in favor of plaintiff and against defendant for $530, plus attorney's fees of $103, and interest and costs of suit.
Defendant contended below, as he does on this appeal, that the installment contract violates the Truth in Lending Act, 15 U.S.C.A. §§ 1631 and 1638, in that (a) it failed properly to disclose on the face of the contract plaintiff's right of acceleration upon defendant's default, and (b) it failed to include in the amount of the finance charge the premiums for credit insurance. He claims he is entitled to a setoff in the amount of twice the finance charge.[2]
*532 It appears that the credit insurance authorization on the face of the contract, although signed by defendant, was not dated as required by Regulation Z,[3] 12 C.F.R. § 226.4(a) (5) (ii). The trial judge found that the omission of the date was unintentional and a bona fide error. That finding is supported by the evidence, and the exemption from liability contained in 15 U.S.C.A. § 1640 applies.
The remaining issue before us is whether the Truth in Lending Act and Regulation Z thereunder required, in the circumstances of this case, that plaintiff-creditor disclose on the face of the installment contract its right to accelerate, upon default, the balance due under the contract  a right set forth in one of the "Provisions" contained on the back of the document. On this issue the trial judge found and concluded that there was "no obligation" on the part of plaintiff-seller to place the terms of that acceleration clause on the face of the contract. His reasons for that holding are set out in his opinion at 131 N.J. Super. 332-334. Solely for the reasons hereinafter set forth, we are satisfied that the judgment entered in favor of plaintiff should be affirmed. We therefore find it unnecessary to comment on the trial judge's reasoning.
The credit transaction in this case is subject to the provisions of the Truth in Lending Act (Consumer Credit Protection Act, 15 U.S.C.A. §§ 1601-1665). See N.J.S.A. 17:3B-1 and 2. One of the stated purposes of the Truth in Lending Act is "to assure a meaningful dislosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit. * * *" 15 U.S.C.A. § 1601. Required disclosure in installment contracts includes "The default, delinquency, or similar charges payable in the event of late payments," 15 U.S.C.A. § 1638(a) (9), and *533 "The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments," Truth in Lending Regulations (Regulation Z), 12 C.F.R. § 226.8(b) (4). These disclosures are to "be made clearly, conspicuously, in meaningful sequence * * *." Regulation Z, 12 C.F.R. § 226.6(a).
In the retail installment contract signed by defendant a clause on the reverse side (Provision No. 10), which allows the seller to "declare the unpaid balance of the contract immediately due and payable" upon a default by the buyer, appears in small type and makes no provision for rebate of any unearned finance charge upon such acceleration. A statement is contained on the face of the contract for rebate in the event of prepayment of the entire balance.[4]
Following oral argument of this appeal the United States Court of Appeals for the Third Circuit filed its opinion in Johnson v. McCrackin-Sturman Ford, Inc., 527 F.2d 257 (Dec. 16, 1975). Thereafter, at our request, counsel filed their letter memoranda commenting on the effect of that opinion on the appeal before us. Emphasizing "that we are not here confronted with the question whether the Truth in Lending Act or Regulation Z require disclosure of an acceleration provision under which the creditor is not required to rebate the unearned finance charge,"[5] the Third Circuit reasoned in Johnson:
* * * the phrase "default, delinquency and similar charges" in section 128(a) (9) of the Truth in Lending Act mandates disclosure only of specific monetary sums, in addition to the amounts already due under the loan, that are imposed because of late payment of an installment or installments. A right of acceleration under which the creditor must rebate the unearned portion of the finance charge is not encompassed within the disclosures required by section 128 *534 (a) (9). When a creditor is required to rebate the unearned portion of the finance charge upon acceleration, the result is a shortening of the time for repayment of the principal, not the assessment of an additional penalty charge. * * * The borrower incurs no cost other than that disclosed on the face of his credit contract. The creditor is merely given the right to pursue his remedies against the defaulting borrower without awaiting the expiration of the term of the contract. [at 266]
Federal Reserve Board Staff Opinion Letter No. 851, 4 CCH Consumer Credit Guide ¶ 31,173 (October 22, 1974), states in pertinent part that:
For the purposes of Truth in Lending disclosures, this staff views an acceleration of payments as essentially a prepayment of the contract obligation. As such, the disclosure provisions of § 226.8(b) (7) of the Regulation, which require the creditor to identify the method of rebating any unearned portion of the finance charge[6] or to disclose that no rebate would be made, apply. If the creditor rebates under one method for acceleration and another for voluntary prepayment, both methods would need to be identified under § 226.8 (b) (7). Failure to disclose the method of rebate or nonrebate would be a violation of the Truth in Lending Act.
If, under the acceleration provision, a rebate is made by the creditor in accordance with the disclosure of the rebate provisions of § 226.8(b) (7), we believe that there is no additional "charge" for late payments made by the customer and therefore no need to disclose under the provisions of § 226.8(b) (4). On the other hand, if upon acceleration of the unpaid remainder of the total of payments, the creditor does not rebate unearned finance charges in accordance with the rebate provisions disclosed in § 226.8(b) (7), any amounts retained beyond those which could have been rebated under the disclosed rebate provisions represent a "charge" which should be disclosed under § 226.8(b) (4).
The court in Johnson found that the Board Staff's interpretation of § 226.8(b) (4) was a reasonable one and agreed that:
when a creditor is required[7] to rebate the unearned portion of the finance charge, his right of acceleration is not a "default, delinquency or similar charge." [527 F.2d at 268]. *535 We are in accord. In such a situation there is no "additional `charge'" and no need to disclose the acceleration provision under § 226.8(b) (4) of Regulation Z, 12 C.F.R. § 226.8 (b) (4) or § 128(a)(9) of the Truth in Lending Act, 15 U.S.C.A. § 1638(a) (9).
Rebate upon prepayment in full is required by § 43 of the Retail Installment Sales Act of 1960, N.J.S.A. 17:16C-43. Here, paragraph 12 on the face of the retail installment contract sets forth the method of rebate in the event of prepayment. As did the court in Johnson, supra, we consider acceleration to be essentially a prepayment. We, accordingly, hold that plaintiff was required, upon acceleration, to rebate to defendant the unearned portion of the finance charge,[8] and in the circumstances of this case it was unnecessary to include in the contract "a separate provision delineating the method of rebate in the event of acceleration." See Johnson v. McCrackin-Sturman Ford, Inc., supra, 527 F.2d at 269, n. 28.
The judgment under review is affirmed. No costs.
NOTES
[1] Consumer Credit Protection Act, 15 U.S.C.A. §§ 1601-1665 (1970).
[2] Defendant additionally argues on this appeal that "plaintiff has failed to adduce facts sufficient to demonstrate its right to relief." Although this issue was not raised below, we have considered it in our review of the record and find it to be clearly without merit.
[3] Federal Reserve Board Truth in Lending Regulations (Regulation Z).
[4] ¶ 12. "Rebate Provisions  In the event Buyer prepays the entire balance, creditor will retain the first $15.00 of the finance charge and allow a rebate on any excess, computed by the `Rule of 78'."
[5] 527 F.2d at 260, n. 3.
[6] In the event of prepayment in full.
[7] While pointing out that the pertinent acceleration clause in the McCrackin-Sturman contract did not expressly state that the unearned portion of the finance charge would be rebated, the court noted (at n. 13): "Nevertheless, we find that the contract incorporated Pennsylvania's rebate provision [Pennsylvania Motor Vehicle Sales Finance Act § 22(B), 69 P.S. § 622(B) (1965)] as a term of the acceleration clause." There is no similar New Jersey statutory provision which mandates rebate upon acceleration in the case before us. However, a rebate was made in this case.
[8] Here, since no express provision for such rebate is made in the retail installment contract between the parties, the required method of rebate for acceleration is the same as that for voluntary prepayment. See N.J.S.A. 17:16C-43.